| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | MEMORANDUM, ORDER<br>& JUDGMENT |
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION | 04-MD-1596 |
| RICHARD ROGART,<br><br>                Plaintiff,<br>– against –<br><br>ELI LILLY & COMPANY,<br><br>                Defendant. | 06-CV-2600<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br>★ SEP 20 2011 ★<br>BROOKLYN OFFICE |

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances:**

For the Plaintiff:

    Paul T. Boudreaux
    Richardson Richardson Boudreaux Keesling, PLLC
    Tulsa, OK

For the Defendant:

    Nina M. Gussack
    Christopher J. Casalenuovo
    Pepper Hamilton LLP
    Philadelphia, PA

    Kenneth J. King
    Pepper Hamilton LLP
    New York, NY

1



I.  **Introduction**

Plaintiff Richard B. Rogart, M.D., Ph.D sued defendant Eli Lilly & Company ("Lilly"), alleging that his diabetes, which was first diagnosed in the late 1980s or early 1990s, deteriorated significantly in the late 1990s as a result of his treatment with Zyprexa, a drug manufactured by Lilly. Defendant moves for summary judgment. For the reasons indicated, defendant's motion is granted.

II. **Background of Zyprexa Litigation**

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa litigation and the numerous substantially similar motions for summary judgment that have been

decided, a short, summary order disposing of such motions is desirable except where unusual circumstances require special analysis. Repeated summary judgment motions and decisions have established a pattern applicable over a wide range of state laws. *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4441-cv (2d Cir. Oct. 4, 2010); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4454-cv (2d Cir. Oct. 4, 2010); *Dean*

*v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying Florida law and granting summary judgment on learned intermediary doctrine); *Washington v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying Michigan law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4434-cv (2d Cir. Oct. 4, 2010); *Smith v. Eli Lilly & Co.*, 653 F. Supp. 2d 181 (E.D.N.Y. 2009) (applying Arkansas law and granting summary judgment on learned intermediary doctrine); *Pruett v. Eli Lilly & Co.*, No. 07-CV-1931, 2009 WL 2245068 (E.D.N.Y. July 22, 2009) (applying Alabama law and denying summary judgment); *Carey v. Eli Lilly & Co.*, No. 06-CV-2798, 2009 WL 2487305 (E.D.N.Y. July 27, 2009) (applying Virginia law and granting summary judgment on learned intermediary doctrine); *Fuller v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 2485829 (E.D.N.Y. July 31, 2009) (applying California law and granting summary judgment on statute of limitations); *Head v. Eli Lilly & Co.*, 649 F.Supp.2d 18 (E.D.N.Y. 2009) (applying Arizona law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4455-cv (2d Cir. Oct. 4, 2010); *Earl v. Eli Lilly & Co.*, 688 F.Supp.2d 130 (E.D.N.Y. 2009) (applying Alabama law and denying summary judgment); *Belcher v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3597447 (E.D.N.Y. Oct. 16, 2009) (applying California law and granting summary judgment on statute of limitations), *aff'd*, No. 09-5004-cv (2d Cir. Oct. 4, 2010); *Quirarte v. Eli Lilly & Co.*, No. 07-CV-1161, 2009 WL 3597194 (E.D.N.Y. Oct. 16, 2009) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Folse v. Eli Lilly & Co.*, No. 04-CV-1612, 2009 WL 3596526 (E.D.N.Y. Oct. 16, 2009) (applying Louisiana law and granting summary judgment on learned intermediary doctrine); *Blume v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3596982 (E.D.N.Y.

Oct. 20, 2009) (applying California law and granting summary judgment on learned intermediary doctrine); *Guillen v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 5062114 (E.D.N.Y. Dec. 10, 2009) (applying California law and granting summary judgment on statute of limitations, learned intermediary doctrine, and other grounds), *aff'd*, No. 10-233-cv (2d Cir. Oct. 4, 2010); *Gove v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 5062109 (E.D.N.Y. Dec. 10, 2009) (applying Arizona law and granting summary judgment on statute of limitations, learned intermediary doctrine, and lack of causation), *aff'd*, No. 10-216-cv (2d Cir. Oct. 4, 2010); *Treuchel v. Eli Lilly & Co.*, No. 08-CV-01176, 2009 WL 5216930 (E.D.N.Y. Dec. 21, 2009) (Applying Minnesota law and granting summary judgment on learned intermediary doctrine); *Gurovitsch v. Eli Lilly & Co.*, No. 08-CV-1408, 2009 WL 5125636 (E.D.N.Y. Dec. 29, 2009) (applying Minnesota law and denying summary judgment); *Brown v. Eli Lilly & Co.*, 08-CV-3249, 2010 WL 99391 (E.D.N.Y. Jan. 8, 2010) (applying Mississippi law and granting summary judgment on lack of causation); *Trimble v. Eli Lilly & Co.*, No. 06-CV-3457, 2010 WL 348276 (E.D.N.Y. Jan. 22, 2010) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Abitang v. Eli Lilly & Co.*, No. 06-CV-3456, 2010 WL 331793 (E.D.N.Y. Jan. 28, 2010) (applying Illinois law and granting summary judgment on statute of limitations); *Asbury v. Eli Lilly & Co.*, No. 06-CV-1593, 2010 WL 1292268 (E.D.N.Y. March 30, 2010) (applying Kansas law and granting summary judgment on statute of limitations); *Dixon v. Eli Lilly & Co.*, No. 09-CV-1012, 2010 WL 2039010 (E.D.N.Y. May 19, 2010) (applying New York law and granting summary judgment on statute of limitations); *Carpentier v. Eli Lilly & Co.*, 727 F.Supp.2d 101 (E.D.N.Y. 2010) (applying Oregon law and granting summary judgment on statute of limitations); *Harvard v. Eli Lilly & Co.*, 2010 WL 3257712, No. 06-CV-5335 (E.D.N.Y. Aug.

16, 2010) (applying New Jersey law and denying summary judgment); *Gaskins v. Eli Lilly & Co.*, 2010 WL 4052913.No. 08-CV-5165 (E.D.N.Y. Oct. 14, 2010) (applying North Carolina law and granting summary judgment on learned intermediary doctrine); *Bartlett v. Eli Lilly & Co.*, No. 09-CV-1005 (E.D.N.Y. Oct. 22, 2010) (applying Washington law and granting summary judgment on causation); *Harris v. Eli Lilly & Co.*, No. 07-CV-2168, 2011 WL 182489 (E.D.N.Y. Jan. 20, 2011) (applying Mississippi law and granting summary judgment on learned intermediary doctrine); *Shepherd v. Eli Lilly & Co.*, No. 10-CV-1757, 2011 WL 2516333 (June 23, 2011) (applying Oklahoma law and granting summary judgment on learned intermediary doctrine); *Sistrunk v. Eli Lilly & Co.*, No. 11-CV-2185, 2011 WL 3162698 (July 26, 2011).

## III.  Factual and Procedural History

Plaintiff Dr. Rogart, fifty-nine years of age, is a resident of Virginia. Pl.'s Fact Sheet 1, 2 (Def.'s Ex. A.3). Plaintiff has suffered from major depression since the 1970s. Rogart Dep. (Def.'s Ex. A) at 147-48. In addition, plaintiff has struggled with his weight since the 1980s. At some point in the late 1980s or early 1990s, plaintiff developed diabetes. Rogart Dep. at 85; Rogart Medical Records (Def.'s Exs. I, F).

Plaintiff first received Zyprexa on July 22, 1997. Rogart Dep. at 41-42; Def.'s Ex. 9. Plaintiff continued taking Zyprexa until late 2001, at which time plaintiff's psychiatrist, Dr. Edward Curcio, discontinued the medication due to concerns about weight gain. According to plaintiff, his glycemic control worsened throughout the four years he was taking Zyprexa. By the end of 2000, he had developed several diabetes-related complications including diabetic neuropathy (diagnosed in December 1999), diabetic gastroparesis (diagnosed January 2000), and diabetic retinopathy (diagnosed October 2000).

Plaintiff initiated this case by filing a complaint in the Southern District of Illinois on February 28, 2006. Def.'s Ex. A.2.

## IV. Law

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 556 F.3d 137, 140 (2d Cir. 2009).

### B. Governing Law

A multidistrict litigation transferee court applies the choice of law and statute of limitations rules of the state in which the action was filed. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Because this action was originally commenced in Illinois, the principles on choice of law from that state apply.

Under Illinois law, the Court should apply the law of the state with the most significant relationship to the facts of the case. *Townsend v. Sears, Roebuck and Co.*, 879 N.E.2d 893 (Ill. 2007) ("Under Illinois choice-of-law rules, the law of the place of injury controls unless another state has a more significant relationship with the occurrence and with the parties with respect to the particular issue."). In this case, Virginia law controls. Dr. Rogart ingested Zyprexa while living in Virginia, was treated in Virginia, claims to have suffered injury as a result of Zyprexa in

7

Virginia, and continues to live in Virginia. As the state with the greatest interest in this litigation, Virginia law applies to Dr. Rogart's claims.

### C. Statute of Limitations

Under Virginia law, product liability suits are subject to a two-year statute of limitations. *See* Va. Code § 8.01-243. Because the discovery rule has not been adopted under Virginia law, a cause of action accrues "from the date the injury is sustained . . . and not when the resulting damage is discovered." Va. Code § 8.01-230; *see also Stone v. HVM, L.L.C.*, 407 Fed. App'x 642, 643 (4th Cir. 2011) (citing *McHenry v. Adams*, 448 S.E.2d 390, 393 (Va. 1994)).

Virginia recognizes multiple situations which can toll the statute of limitations. "[A] statute of limitations is tolled until a person intentionally misled by a putative defendant could reasonably discover the wrongdoing and bring action to redress it." *Resolution Trust Corp. v. Walde*, 856 F. Supp. 281, 286 (E.D. Va. 1994) (quoting *FDIC v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993). In order for the fraud exception to apply, the defendant "must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff." *Richmond Redevelopment & Hous. Auth. v. Laburnum Constr. Corp.*, 80 S.E.2d 574, 582 (Va. 1954).

Additionally, if a person is incapacitated, the statute of limitations is tolled until such incapacity is removed. *See* Va. Code Ann. § 8.01-229. Section 229 of Title 8.01 of the Virginia Code defines "incapacity" as:

> [A] person shall be deemed incapacitated if he is so adjudged by a court of competent jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that such person is or was incapacitated within the prescribed limitations period.

8

Va. Code § 8.01-229(A).

## V. Application of Law to Facts

Dr. Rogart's diabetes-related complications, which were allegedly caused by his use of Zyprexa, were diagnosed in 1999 and 2000. Plaintiff did not file this suit until February 2006, which was well past the expiration of Virginia's two-year statute of limitations. Because Virginia lacks a discovery rule, the result is the same regardless of when plaintiff learned of any connection between his injuries and his Zyprexa use.

Plaintiff argues that the statute of limitations was tolled because defendant intentionally concealed the discovery of the cause of action. Pl.'s Opp. at 6-14. This argument lacks power to persuade. Plaintiff could have reasonably discovered the wrongdoing and brought action to redress it as early as 2001, and certainly no later than April 2003. Until 2001, plaintiff was a practicing physician. He received licenses to practice in Connecticut, Massachusetts and Illinois in the late-1970s and early-1980s, and Virginia and Washington D.C. in approximately 1995. *See* Ex. A.8 at 1; 9/16/11 Hr'g Tr. He has specialized in internal medicine since approximately 1984. *See* 9/16/11 Hr'g Tr. Given the information available to him, he was certainly capable of understanding the situation sufficiently to protect his rights.

Plaintiff claims that he and his wife, who is also a medical doctor, believed in 2001 that Zyprexa was causing his weight gain, that his wife was concerned that his weight gain was affecting his diabetes control, and that his psychiatrist, Dr. Curcio, "discontinued [Zyprexa] due to concerns about weight gain." Pl.'s Resp. to Lilly's Statement of Material Facts ¶¶ 14, 21. In addition, plaintiff received a letter from his consulting psychiatrist, Dr. Donald Rosenstein, in April 2003 informing him that "any trial of an atypical neuroleptic will need to include close

9

monitoring of his diabetic status." *Id.* ¶ 22. Based on plaintiff's concern that Zyprexa was causing him to gain weight, and his doctor's warning about the effects of any atypical neuroleptic on his diabetes, plaintiff knew, or should have known, that he had a viable cause of action against Lilly by April 2003 at the latest. Assuming the statute of limitations began to run in April 2003, not the date of injury, plaintiff's claim would still have expired months before he filed this action.

Plaintiff also argues that the statute of limitations was tolled because he was disabled and unable to take care of himself from May 2001 through December 2005. Pl.'s Opp. at 14-15. This argument also fails. To be considered incapacitated for tolling purposes, an individual must be:

> incapable of receiving and evaluating information effectively or responding to people, events, or environments to such an extent that the individual lacks the capacity to (i) meet the essential requirements for his health, care, safety, or therapeutic needs without the assistance or protection of a guardian or (ii) manage property or financial affairs or provide for his or her support . . . without the assistance or protection of a conservator.

*Kumar v. Glidden Co.*, 2:05-CV-499, 2006 WL 1049174, at *5 (E.D. Va. April 13, 2006) (quoting Va. Code § 37.2-1000). Plaintiff has never required a guardian or conservator to care for him physically or manage his affairs. Even accepting as true plaintiff's claims that he was unable to read or work between May 2001 and January 2005, those facts do not rise to the level of incapacitation under Virginia law. Plaintiff does not cite any cases that suggest that loss of vision alone is sufficient to render a plaintiff incapacitated for purposes of Virginia's statute of limitations.

10

## VI. Conclusion

For the reasons stated above, defendant's motion for summary judgment is granted. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: September 16, 2011
      Brooklyn, New York